UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SYED RIZVI, Individually, and PRIME BUILDERS & DEVELOPMENT, INC., an Illinois Corporation<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>MIRZA ALIKHAN,<br><br>　　　　Defendant,<br><br>THE ALLSTATE CORPORATION aka, ALLSTATE INDEMNITY COMPANY,<br><br>　　　　Third Party Respondent. | No. 13 C 6924<br><br>Judge Thomas M. Durkin |

**MEMORANDUM OPINION AND ORDER**

The Court entered a default judgement against Mirza Alikhan, R. 14, based on a complaint filed by Syed Rizvi and Prime Builders & Development, Inc. ("Plaintiffs"), alleging that Alikhan failed to fully pay for repairs Plaintiffs made to Alikhan's house after it was damaged in a fire. *See* R. 1. In an effort to enforce that judgment, Plaintiffs have now moved for a turnover order against The Allstate Corporation pursuant to 735 ILCS 5/2-1402(c). *See* R. 26. For the following reasons, Plaintiffs' motion is denied.

**Background**

After Plaintiffs completed the repairs to Alikhan's house, Alikhan made a partial payment to the Plaintiffs, R. 1 ¶ 8, using funds he received from Allstate

pursuant to an insurance policy. R. 26 at 3 (¶ 9). He then made two additional payments, totaling $85,679.64, leaving $89,637.64 unpaid. R. 1 ¶ 8.

Prior to filing the instant action, Plaintiffs commenced two actions in this District against Allstate in an attempt to recover this unpaid money: 12 C 2174 and 14 C 2182. *See* R. 26 ¶ 12. Case 12 C 2174 was dismissed because Plaintiffs failed to show that Allstate was a party to the original contract to repair Alikhan's house, *see* 12 C 2174, R. 31 at 5 (July 9, 2013), and Plaintiffs voluntarily dismissed case 14 C 2182, R. 31 (Aug. 21, 2014).

In this case, Plaintiffs sued Alikhan directly, and the Court entered a default judgment against him. R. 14. Plaintiffs then served Allstate with a citation to discover assets pursuant to Federal Rule of Civil Procedure 69 and 735 ILCS 5/2-1402. R. 15. In response, Allstate stated that it has no assets belonging to Alikhan, and that Alikhan has no claims pending with Allstate. R. 33.

Despite this response, Plaintiffs filed the instant motion for turnover order, asking the Court to direct Allstate to turnover insurance proceeds to Plaintiffs. R. 26. At a status hearing on January 8, 2015, the Court raised the issue of subject matter jurisdiction because Plaintiffs and Allstate are all Illinois domiciliaries.[1] The Court also specifically directed the parties to address *Travelers Property Casualty v. Good*, 689 F.3d 714 (7th Cir. 2012), and its significance for subject matter jurisdiction in this case. Plaintiffs filed a brief on this issue arguing that the Court

---

[1] Plaintiffs are an Illinois citizen and an Illinois corporation. *See* R. 1 ¶ 4. During a hearing on January 8, 2015, Allstate's counsel stated that its headquarters is in Northbrook, Illinois. *See* R. 28. *See also* www.allstatenewsroom.com ("Allstate Corporate Headquarters: 2775 Sanders Road, Northbrook, IL").

has subject matter jurisdiction, R. 29, but Allstate did not respond. Despite Allstate's inexplicable failure to respond, the Court is required to "enforce limits on subject-matter jurisdiction no matter what litigants do or concede," *Myrick v. WellPoint Inc.*, 764 F.3d 662, 665 (7th Cir. 2014), because subject matter jurisdiction "can never be forfeited or waived." *Rodas v. Seidlin*, 656 F.3d 610, 622 (7th Cir. 2011).

**Analysis**

Plaintiffs contend that because Allstate made a partial payment to Plaintiffs on behalf of Alikhan pursuant to an insurance policy, the Court should order Allstate to "turnover" the full amount of the default judgment against Alikhan. Plaintiffs, however, do not explain how this comports with the relevant statute governing turnover orders under Illinois law, 735 ILCS 5/2-1402. That statute provides the following, in relevant part:

> (a) A judgment creditor . . . is entitled to prosecute supplementary proceedings for the purposes of examining the judgment debtor or any other person to discover assets or income of the debtor . . . and of compelling the application of non-exempt assets or income discovered toward the payment of the amount due under the judgment. A supplementary proceeding shall be commenced by the service of a citation . . . .
> . . . .
> (c) When assets or income of the judgment debtor not exempt from the satisfaction of a judgment, a deduction order or garnishment are discovered, the court may, by appropriate order or judgment:
> . . . .
> (3) Compel any person cited, other than the judgment debtor, to deliver up any assets so discovered, to be applied in satisfaction of the judgment, in whole or in part, when those assets are held under such

> circumstances that in an action by the judgment debtor he or she could recover them in specie or obtain a judgment for the proceeds or value thereof as for conversion or embezzlement. . . .
>
> . . . .
>
> (6) Authorize the judgment creditor to maintain an action against any person or corporation that, it appears upon proof satisfactory to the court, is indebted to the judgment debtor, for the recovery of the debt . . . .

*Id.* As subsection (a) requires, Plaintiffs served Allstate with a citation to discover whether Allstate possesses any "assets or income" belonging to Alikhan. R. 15. Although Plaintiffs did not cite the statute, the Court presumes that Plaintiffs hoped to secure a turnover order for any such assets pursuant to subsection (c)(3) in order to satisfy (at least partially) Plaintiffs' default judgment against Alikhan. Allstate, however, responded to the citation with an affidavit stating that is does not have any assets belonging to Alikhan. R. 33. Since there is no evidence that Allstate has any assets belonging to Alikhan, subsection (c)(3) is not a basis to order Allstate to satisfy the judgment against Alikhan.[2]

Plaintiffs also contend that Allstate holds "insurance proceeds" belonging to Alikhan. R. 26 at 2 (¶ 6). Since Allstate has stated in a sworn affidavit that it does not possess any assets belonging to Alikhan, the "proceeds" Plaintiffs seek can only exist as a potential claim under the insurance policy Alikhan has with Allstate.

---

[2] Plaintiffs contend that Allstate's response to the citation is false. *See* R. 29 at 5 (¶ 12); R. 34 at 3. Plaintiffs' basis for this contention is an argument that since Allstate made an earlier payment on Alikhan's behalf, it must be able to satisfy the default judgment. The fact that Allstate made an earlier payment is not evidence that Allstate holds assets belonging to Alikhan that could satisfy the judgment. The Court will address presently whether Plaintiffs can pursue satisfaction of the default judgment from Allstate on the basis of the insurance policy itself.

Although Plaintiffs have not made this argument according to the terms of the statute, and Allstate has remained silent on the issue, the Court notes that subsection (c)(6) permits Plaintiffs to "maintain an action against any person or corporation that . . . is indebted to the judgment debtor." This subsection appears to permit Plaintiffs to step into Alikhan's shoes with respect to his rights under the insurance policy and seek payment from Allstate to satisfy the default judgment Plaintiffs have against Alikhan.

Invoking this statute—to the extent Plaintiffs have done so—raises the question of the Court's subject matter jurisdiction. In *Travelers*, the Seventh Circuit held that a "garnishment proceeding" maintained pursuant to subsection (c)(6) was "not substantially a continuation of [the] prior suit," but rather was an "independent" action that required a basis for subject matter jurisdiction independent from that underlying the prior suit. 689 F.3d at 725. In *Travelers*, an insurance company sought a declaration in federal court that it owed no duty to defend its insured in a state court class action. *Id.* at 716. By the time the insurance company filed its federal action, however, its insured had settled the state court class action and, as part of the settlement, assigned its insurance claim to the class members. *Id.* at 716-17. As a result of this assignment, the proper defendant in the insurance company's declaratory judgment action in federal court was not the original insured who had the right to seek the full monetary amount of the potential insurance claim. *Id.* at 717. Rather, the proper defendants were the class members, none of whom had a potential claim against the insurance company that met the

5

$75,000 jurisdictional threshold of 28 U.S.C. § 1332(a). *Id.* Diversity jurisdiction having been destroyed, the Seventh Circuit affirmed dismissal of the insurance company's case for lack of subject matter jurisdiction. *Id.* at 723.

In reaching this holding, the Seventh Circuit noted that the insurance company could have avoided the amount in controversy problem by removing the garnishment action from state to federal court because the Class Action Fairness Act would have provided subject matter jurisdiction. *Id.* The insurance company argued that such a strategy was foreclosed by a district court opinion that held that a garnishment action pursuant to subsection (c)(6) was not removable because it was not "a 'separate and independent action' from the underlying suit." *Id.* at 724 (citing *Eclipse Mfg. Co. v. U.S. Compliance Co.*, 2006 WL 42395 (N.D. Ill. Jan. 4, 2006)). The Seventh Circuit, however, overruled the district court opinion and held that such an action is a removable "independent" action because it "brings in a new party and raises new and distinct disputed issues." *Id.* at 725. So "where the garnishment procedures allow for adversarial litigation of disputed issues, and where the garnishment action involves a new party and disputed rights and issues not decided [in the prior suit], removal should be permitted." *Id.* Of course, to be removable, "the requirements of diversity jurisdiction [must be] satisfied." *Id.*

Although removal is not at issue here, the Seventh Circuit's interpretation of subsection (c)(6) in *Travelers*, and its implications for subject matter jurisdiction, are relevant to Plaintiffs' motion for a turnover order. Applying the Seventh Circuit's reasoning, Plaintiffs' garnishment action pursuant to subsection (c)(6)

6

involves a "new party," in that Allstate was not a party to the underlying action against Alikhan. Additionally, the Court would have to review and interpret the policy's terms to find Allstate liable to Plaintiffs for the judgment against Alikhan. Such questions were not relevant to Plaintiffs' action and judgment against Alikhan, so the garnishment action "raises new and distinct disputed issues." *Travelers*, 689 F.3d at 725. Since the garnishment action involves a new party and new issues, it is an action independent from the underlying action against Alikhan.

An independent garnishment action pursuant to 735 ILCS 5/2-1402(c)(6) must have a basis for subject matter jurisdiction independent from the basis for subject matter jurisdiction in the underlying suit against Alikhan. *See Travelers*, 689 F.3d at 725. But Plaintiffs and Allstate are all citizens of Illinois, meaning diversity jurisdiction is destroyed. Plaintiffs have not suggested any other basis for subject matter jurisdiction. Thus, Plaintiffs' motion for a turnover order, R. 26, is denied, and to the extent Plaintiffs' have an independent action against Allstate based on Alikhan's insurance policy, that action is dismissed for a lack of subject matter jurisdiction.

ENTERED:

_Thomas M. Durkin_
Honorable Thomas M. Durkin
United States District Judge

Dated: June 24, 2015